IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

LENORRIS PARKER,

     Plaintiff,

v.                                                   CASE NO. 1:17-cv-12-MW-GRJ

JOSHUA DONAWAY, et al.,

     Defendant.

_____/

## ORDER AND
## REPORT AND RECOMMENDATION

Plaintiff initiated this case by filing a Complaint, ECF No. 1, a motion for leave to proceed as a pauper, ECF No. 2, and a motion for appointment of counsel, ECF No. 3. For the following reasons, the Court recommends that the Complaint be dismissed without prejudice for abuse of the judicial process and for failure to state a claim upon which relief may be granted.

The allegations of the Complaint stem from an incident that occurred while Plaintiff was confined at Mayo CI. Plaintiff alleges that he was subjected to an excessive use of force by officers at Mayo, and subsequently was charged with false disciplinary infractions for battery on an officer, possession of a cell/wireless device, possession of a weapon, and disobeying an order. Plaintiff alleges that he was found guilty of all

disciplinary charges.  ECF No. 1.

Plaintiff executed the complaint under penalty of perjury.  ECF No. 1 at 9.  The Court's civil rights complaint form requires prisoners to disclose their prior litigation history.  Section IV of the Court's civil rights complaint form requires prisoners to disclose information regarding other lawsuits, including whether they have initiated other actions in state or federal court dealing with the same or similar facts involved in the instant case, whether they have initiated other cases dealing with the fact or manner of their incarceration (*including habeas corpus petitions*), and whether they have ever had any actions in federal court dismissed as frivolous, malicious, for failure to state a claim, or prior to service, and if so to identify each and every case so dismissed.  ECF No. 1 at 3-4 (emphasis added).  The form expressly warns that "Failure to disclose all prior civil cases may result in the dismissal of this case.  If you are unsure of any prior cases you have filed, that fact must be disclosed as well."  ECF No. 1 at 3.

In response to these questions, Plaintiff responded "No" to each question regarding prior cases.  However, a review of the Court's PACER case index reflects that Plaintiff filed a previous federal habeas corpus case that he failed to disclose: *Parker v. Sec'y DOC*, Case No. 4:12-cv-

584-WS-CAS (N.D. Fla. 3/10/14).

In the absence of any basis for excusing a plaintiff's lack of candor, failure to disclose and truthfully describe previous lawsuits warrants dismissal of the complaint for abuse of the judicial process.  *See Redmon v. Lake County Sheriff's Office*, No. 10-11070, 2011 WL 576601 *4 (11th Cir. Feb. 10, 2011).[1]  In *Redmon,* the Eleventh Circuit affirmed the dismissal of a prisoner's civil rights complaint that did not disclose a previous lawsuit.  The plaintiff argued that he "misunderstood" the form, but the Court held that the district court had the discretion to conclude that the plaintiff's explanation did not excuse his misrepresentation because the complaint form "clearly asked Plaintiff to disclose previously filed lawsuits[.]"  *Id*.  The Court determined that dismissal was an appropriate sanction:

> Under 28 U.S.C. § 1915, "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal." *Attwood v. Singletary,* 105 F.3d 610, 613 (11th Cir.1997). In addition, a district court may impose sanctions if a party knowingly files a pleading that contains false contentions. Fed.R.Civ.P. 11(c).  Although *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys, a plaintiff's *pro se* status will not excuse mistakes regarding procedural rules. *McNeil v. United States,* 508 U.S. 106, 113,

_____

[1]Pursuant to 11th Cir. Rule 36-2, unpublished opinions are not binding precedent but may be cited as persuasive authority.

113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993).

*Id*.

In addition to revealing whether a prisoner is subject to the PLRA's "three strikes" provision, the information required on the form assists the Court in efficiently managing prisoner litigation by showing whether a complaint is related to or is affected by another case. The failure to exercise candor in completing the form, while acknowledging that the answers are made under penalty of perjury, impedes the Court in managing its caseload and merits the sanction of dismissal. *See Redmon*, 2011 WL 576601, at *4; *Johnson v. Crawson*, No. 5:08-cv-300, 2010 WL 1380247, at *2 (N.D. Fla. Mar. 3, 2010) ("If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants."); *Paulcin v. McNeil*, No. 3:09-cv-151, 2009 WL 2432684, at *2 (N.D. Fla. Aug. 6, 2009) ("If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The court will not tolerate false responses or statements in any pleading or motion filed before it.").

In this case, the Complaint form clearly required Plaintiff to disclose his prior habeas corpus case, and he failed to do so.  The prior case was closed by this Court in March 2014 and remained pending on appeal until July 31, 2014, when his motion for COA in the Court of Appeals was denied.  Therefore, the case was not so remote in time that Plaintiff could be expected to have forgotten it. The undersigned therefore concludes that dismissal of this case without prejudice for abuse of the judicial process is an appropriate sanction for Plaintiff's lack of candor.

Further, the Complaint in any event is due to be dismissed in part for failure to state a claim upon which relief may be granted with respect to Plaintiff's claim that he received false disciplinary charges.  Federal courts do not operate as appellate courts for prison disciplinary actions.  "[A]n inmate cannot state a claim of retaliation for a disciplinary charge involving a prison rule infraction when the inmate was found guilty of the actual behavior underlying that charge after being afforded adequate due process."  *O'Bryant v. Finch*, 637 F.2d 1207, 1215 (11th Cir. 2011). Because, as Plaintiff concedes, he was found guilty of the charge, the only viable claim concerning a disciplinary report would be a claim asserting procedural violations, such as the denial of witnesses or evidence or the failure by the prison to give the inmate notice of the disciplinary charge.

*Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974); *Bass v. Perrin*, 170 F.3d
1312, 1318 (11th Cir. 1999), *citing Young v. Jones*, 37 F.3d 1457 (11th Cir.
1994)).  Plaintiff must show that even if he was denied due process during
the disciplinary proceeding, the punishment imposed amounted to a
constitutional violation in order to be cognizable in a civil rights case.  *See*
*Sandin v. Connor*, 515 U.S. 472, 484 (1995) (recognizing only two
instances in which a prisoner may claim a violation of a constitutionally
protected liberty interest: (1) when actions of prison officials have the effect
of altering the inmate's term of imprisonment, and (2) where a prison
restraint "imposes atypical and significant hardship on the inmate in
relation to the ordinary incidents of prison life.").  Plaintiff has alleged no
facts suggesting that his disciplinary punishment amounted to an "atypical
and significant hardship on the inmate in relation to the ordinary incidents
of prison life."  *See Sandin*, 515 U.S. at 486 (thirty-day placement in
disciplinary confinement was not atypical or significant enough to trigger
due process protection).  Plaintiff does not have a liberty interest in being
free from disciplinary confinement, and he does not allege that he has lost
any gain time as a result of his disciplinary conviction, or that his term of
imprisonment was altered in any other way.   If his disciplinary conviction
resulted in the loss of gain time, then Plaintiff must seek relief by way of

habeas corpus before filing a civil suit for damages.

The dismissal of this case for abuse of the judicial process should operate as a "strike" pursuant to 28 U.S.C. § 1915(g). If Plaintiff accumulates three strikes, he will be prohibited from proceeding as a pauper in a civil case while he is incarcerated, unless he can demonstrate that he satisfies the "imminent danger" exception to the three-strikes bar.

Accordingly, it is **ORDERED** that Plaintiff's motions for leave to proceed as a pauper and for appointment of counsel, ECF Nos. 2 and 3, are **MOOT.**

It is respectfully **RECOMMENDED** that this case should be **DISMISSED** without prejudice for abuse of the judicial process and for failure to state a claim upon which relief may be granted.

**IN CHAMBERS** this 7th day of March 2017.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**